SLENDERELLA SYSTEMS, INC., Appellant,

v.

Barbara GREBER, Appellee.

No. 2582.

Municipal Court of Appeals for the District of Columbia.

Argued June 20, 1960.

Decided Aug. 19, 1960.

Paschal R. La Padula, Washington, D. C., for appellant.

George F. Bason, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant sued on a contract signed by appellee for a weight-reducing course of treatment according to the Slenderella system. The amount sued for was $290, being the balance due on a contract which was dated June 2, 1958, under which appellee agreed to pay $300 in instalments and on which she made a $10 deposit.

The evidence showed appellee had long suffered from a back ailment and had been under a doctor's care for that condition since March 12, 1957. She also suffered from a weight problem and on the advice of some friends visited a Slenderella salon to inquire about their weight-reducing plan. She was given a complimentary treatment to illustrate the Slenderella method. This method consists primarily of manipulating and massaging parts of the body, including the back, by vibratory and oscillatory machinery. Before the complimentary treatment appellee was interviewed by the salon manager who inquired about her health in general. Appellee told the manager about her back ailment. After the treatment appellee was induced to take a weight-reducing course consisting of 150 treatments at a total cost of $300. She stated the salon manager told her the treatments would be helpful in firming her muscles, and that she herself thought that they would probably do her back some good.

Several days after the complimentary treatment appellee's back hurt so much that it was difficult for her to get up and move about. She visited her doctor and in the course of the consultation told him about the reducing treatment she had taken. He advised her against taking such treatments. At trial the doctor testified that appellee's back condition was chronic in the sense that it would be recurrent and continuing but not necessarily painful all the time. He stated that the vibratory machinery used in this reducing method would aggravate appellee's condition and would be detrimental to her health if the treatments were continued. The court found for appellee, rescinded the contract due to impossibility of performance and mutual mistake of fact, and granted her counterclaim ordering restitution of the $10 down payment.

 Appellant contends that appellee is bound by the language of the contract:

"We rely on your representations that you are of full legal age, in good health, not pregnant, and know of no reason that would prevent you from starting and completing this slenderizing course."

However, appellee did advise the salon manager of her back condition at the time of the complimentary treatment. The manager did not testify at trial, having been reassigned to appellant's Philadelphia salon. Consequently the court was correct in drawing any proper inference from appellant's failure to call its agent who had negotiated the contract. That left appellee's claim that she told the manager of her back condition uncontradicted and thus no representation of good health was made contrary to the provisions of the contract.

 Appellant next assigns as error the failure of the court to find that appellee knew of her back injury and assumed the risk of incapacity to perform. Impossibility of performance due to illness is grounds for discharging a contract where the services are of a personal nature and unable to be performed for or by another.[1] Appellee here did not so clearly assume the risk of such incapacity as to come under the exception to the rule and be bound thereby. Knowledge alone does not indicate an assumption of the risk of incapacity where appellee, at the inducement of appellant, contracted for treatments with the belief that her back condition would not be aggravated by the reducing plan, but could even prove to be benefited by it. The treatment proved to be extremely painful resulting in appellee's inability to perform under the contract; but this reflects more of a mutual mistake of fact as to the possible effect these treatments might have on her than it does the blind willingness to proceed with them in spite of her condition. Since appellant knew of appellee's condition the court was forced either to accept this view or conclude that appellant knowingly allowed appellee to contract for treatments which could be injurious to her health.

With the exception of the down payment, this contract was wholly executory. To return the parties to their respective statuses worked no hardship on either of them. The counterclaim to rescind was timely and we find no error in the disposition by the court.

Affirmed.

1. Wasserman Theatrical Enterprise v. Harris, 137 Conn. 371, 77 A.2d 329; 6 Williston, Contracts, § 1940 (Rev.Ed.); 6 Corbin, Contracts, §§ 1334, 1336 (1951); 2 Restatement, Contracts, §§ 459, 465 (1932).